MANUFACTURERS TRUST COMPANY, as Trustee under a Declaration of Trust for the Benefit of Certificate Holders under Guarantee No. 186,095 of BOND AND MORTGAGE GUARANTEE COMPANY, Respondent, v. REALTY ASSOCIATES, INC., Appellant, and Others, Defendants.— Order confirming referee's report of sale in a foreclosure action and referring plaintiff's application for leave to enter a deficiency judgment to an official referee to take proof and report on the fair and reasonable value of the mortgaged premises, and order denying appealing defendant's motion to resettle said order, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

DANIEL McCARTHY, IRENE H. KELLY, MARGARET M. BUCKLEY, FLORENCE C. BUCKLEY, JOHN J. BUCKLEY, EUGENE A. BUCKLEY and ELLEN E. LENNOX, Respondents, v. MICHAEL JACKMAN, Administrator, etc., of CATHERINE McCARTHY JACKMAN, Appellant, and THOMAS PIERET, Defendant.—Action to recover an installment of interest upon a bond and mortgage. By order, summary judgment was awarded to plaintiffs. From that order the defendant-administrator appeals. Order affirmed, with ten dollars costs and disbursements. No opinion. Davis, Taylor and Close, JJ., concur; Adel, J., with whom Lazansky, P. J., concurs, dissents, with the following memorandum: The order striking out the appealing defendant's answer and directing judgment against him should be reversed and the motion denied. In my opinion, plaintiffs are not entitled to summary judgment.. Plaintiffs allege that the contract was made for their benefit. The rule is that a third party may take advantage of a contract made for his benefit when he has furnished a consideration therefor. Such consideration may be his relationship as a natural object of bounty to one of the contracting parties. Here the beneficiaries are a whole class of persons, and there is no indication that the contracting parties, or either of them, was under legal or moral obligation to them. They are heirs of a sister of one of the parties. This court's holding that the complaint stated facts sufficient to constitute a cause of action (McCarthy v. Pieret, 251 App. Div. 850), should not be construed as a determination that the plaintiffs are entitled to summary judgment. Only the sufficiency of the pleading was passed upon, thus affording plaintiffs an opportunity on a trial to prove that there was some reason why the decedent was obligated to make the agreement favoring them. In the absence of such proof, or proof of consideration, plaintiffs are not entitled to summary judgment.